Wardlaw J.
delivered the opinion of the Court.
*24 If no assignment had been made, the money collected for John E. Williamson by the sheriff would not, without some application by the sheriff or order of court, have been demandnble by Maddox, the execution creditor of John E. Williamson, (Maddox v. Kennedy, 2 Rich. 103:) but upon the sheriff’s refusal to apply the money to Maddox’s execution, the Court would have ordered him to do so, if the rights of third persons were not thereby violated; (Reed v. Ramey, 2 Rich. 4, and cases there cited.)
The Court is cautious in making orders upon summary proceedings against a sheriff: for the sheriff should not be punished when he is in no wilful default, and an order for him to pay, without proceedings to make parties of the various claimants of the fund, would not protect him or conclude them. Therefore, where it is seriously doubtful who is legally entitled to the fund, ordinarily the rule against the sheriff will be discharged, and the claimants be left to litigate their rights by suit; as in Dawkins v. Pearson, 2 Bail. 619. Sometimes summary aid to a suitor has been denied even in consideration of rights not cognizable in a law Court, but expected to be presented for adjudication in a Court of Equity—as in Canaday v. Odom, and Brown v. Furze, 2 Rich. 529.
But where injury might result to one of the claimants from the sheriff’s paying the money to the other, and the claimants can be brought before the Court to try their rights under an issue which may be ordered, the rule against the sheriff will be suspended until the trial of the issue may be had; as in Cooper v. Scott, 2 M’Mul. 150. Such proceeding is peculiarly proper, where, as in this case, one of the claimants has no remedy by action against the sheriff without the order of the Court, and the payment to the other might altogether defeat the right of action» or the hope of collection alter judgment.
It belongs to the Court to advise and command its own officers—to dispose of the funds collected under its process, and to decide the conflicts of its suitors. In these functions it needs the aid of no other tribunal. Although it may sometimes in its discretion forbear a summary order on account of equitable rights suggested, yet its usual course is, to decide according to its practice upon the legal rights of parties, leaving to any one *25 who has a superior equity not here cognizable, to preserve his equity by injunction or other proceeding in a Court of Equity.
An assignment, no more than a deed, can in a Court of law be set aside and cancelled—but when either deed or assignment comes into question in an issue here, it will, if fraudulent and void, be for the purposes of that issue, regarded as a nullity.
If Elisha Williamson have received the fund and be entitled to the protection of the statute of limitations, he may claim that protection when the sheriff may proceed against him: but the fund in controversy appears from the sheriff’s return to the rule to be in the sheriff’s hands, and the issue has been ordered to decide a fact, upon which depends the question, whether or no the Court will order the sheriff to apply the fund to the execution of Maddox.
The order which was made seems to this Court to have been proper, and the motion is dismissed.
Richardson J., O’Neall J., Evans J. and Frost J., concurred.